IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANTHONY EVANS,<br><br>Petitioner,<br><br>vs.<br><br>REGINALD D. MICHAEL; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 20-54-M-DLC-KLD<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on state pro se Petitioner Anthony Evans' application for writ of habeas corpus under 28 U.S.C. § 2254.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.; see also, 28 U.S.C. § 1915A(B)(1),(2) (the court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis upon which habeas relief may be granted). As

1

explained herein, Evans' Fourth Amendment claims are precluded by the doctrine of *Stone v. Powell* and his sentencing-related claim is not cognizable in federal habeas. The petition should be dismissed.

## I.     Procedural History

The Montana Supreme Court explained the background of Evans' underlying criminal proceedings as follows:

> In 2001, Evans pleaded guilty to felony sexual assault and felony attempted sexual intercourse without consent. Evans, thirteen years old at the time of the offenses, assaulted a nine-year-old girl after threatening her with a weapon and tying her to a tree. On July 26, 2001, the District Court committed Evans, then sixteen, to the DOC [Department of Corrections] for two concurrent forty-year terms with twenty-four years suspended. The court awarded Evans credit for 743 days served in the Flathead County Detention Center and imposed numerous probationary terms and conditions.
>
> Evans was released from MSP on July 10, 2015, to begin serving his probationary term. He signed his conditions of probation on that day. They included:
>
>> 5. The Defendant shall maintain employment or a program approved by the BOPP or his Probation/Parole Officer. He must obtain permission from his Probation/Parole Officer prior to any change of employment. He will inform his employer of his status on probation or parole.
>> ...
>> 9. The Defendant's person, residence, or vehicle may be searched at any time by lawful authorities when a probation and parole officer or Intensive Supervision Officer has reasonable grounds to believe the search will disclose evidence of a violation of probation or parole or Intensive Supervision.
>> ...
>> 13. The Defendant shall at all times be cooperative and truthful in all his communications and dealings with his Probation/Parole Officer.
>> ...

2

> 20. The Defendant will enter in and successfully complete an MSOTA certified outpatient sexual offender program, and follow all rules and recommendations made by said program. The Defendant will be responsible for costs of such program.
> ...
> 29. The Defendant shall not access Internet services without prior permission from his supervising officer and sex offender therapist.

Within a month of his release, Evans had an intervention hearing, pursuant to § 46-23-1015, MCA, after two probation and parole officers determined that Evans was not complying with his probationary terms and conditions. Evans had not entered outpatient sexual offender treatment; he had missed counseling sessions at Gallatin Mental Health; and he was not living in an approved residence. As a result of the intervention, the officers directed Evans to enroll in a sexual offender program, follow through with his appointments, and locate housing. The officers placed him on Intensive Supervision Probation (ISP), from which Evans was discharged in February 2016. After several months of living in motels, living in a tent, and being homeless, Evans secured housing with the assistance of his probation and parole officer and the Human Resource Development Council (HRDC).

In July 2016, two probation and parole officers paid Evans a home visit to his studio apartment in Bozeman. Evans and his girlfriend were home. The officers noticed several shopping bags, some with recently purchased DVDs and fishing tackle. They also noted a microwave and a small, dormitory-sized refrigerator. Evans's probation and parole officer, Officer Daly, questioned Evans about these purchases based upon his knowledge from five months of supervising Evans. Evans stated that he was still employed at Montana Ale Works. Officer Daly knew that Evans was lying because Officer Daly had spoken with the Montana Ale Works manager, who stated that Evans had been fired and he had no intention of hiring him again. Officer Daly also had spoken with another of Evans's prior employers at a painting service and knew that Evans had been untruthful about that employment as well.

Based on Evans's response to his questions, Officer Daly proceeded to search the apartment. This search yielded two cans of beer in the refrigerator, a folding pocket-knife with "thumb assist," and a smartphone. Officer Daly examined Evans's phone to review the history of his internet searches.

>Officer Daly filed a Report of Violation on August 1, 2016, listing multiple violations of various conditions. The State filed a Petition to Revoke, and the District Court issued a bench warrant for Evans's arrest. Evans posted bond and received notice of hearing on the petition for September 29, 2016. Evans did not appear for the hearing.
>
>Over a year later, following Evans's return to Montana after absconding to Utah, Evans appeared with counsel at an initial revocation hearing in the District Court. Evans denied the alleged violations of his probationary conditions. At the conclusion of a hearing in March 2018, the court denied Evans's motion to strike based on illegal searches of Evans's residence and his cellular phone. Evans's counsel filed a Second Motion to Strike Alleged Violations on April 4, 2018.
>
>On April 19, 2018, Evans appeared with counsel, and the court acknowledged receipt of Evans's second motion to strike, denying it on the record. Evans admitted to eight violations of conditions of the suspended sentence, while reserving his right to appeal the denial of his motions. The District Court revoked his suspended sentence and imposed a twenty-four-year sentence to MSP [Montana State Prison] to run concurrently with his federal sentence from Utah.

*State v. Evans*, 457 P.3d 243, ¶¶ 3-10 (Mont. 2020).[1]

On appeal Evans argued that his supervising officer lacked an adequate basis to perform a search of his residence and of his cell phone. Specifically, Evans argued the items in plain view, including the dormitory-sized refrigerator and microwave, did not support a reasonable belief to suspect violations or support the subsequent searches and seizures that ensued. *Id*. at ¶ 12. The State countered that the district court had adequate cause, independent of the searches, to support

---

[1] A copy of the Montana Supreme Court Opinion is attached to Evans' petition. See, (Doc. 1-1.)

revocation, based upon Evans' own admissions. *Id.* at ¶ 13. Evans admitted failing to make any payment toward his sexual offender treatment program, and that single violation, standing alone, was sufficient for revocation of Evans' sentence. *Id.*

The Court agreed with the State, noting that prior to the visit to Evans' residence, his supervising officer had written confirmation that Evans was not in compliance with his sex offender treatment requirements. *Id.* at ¶ 14. The visit to Evans' residence confirmed that Evans had been dishonest about his spending habits and his employment. *Id.* Due to these violations, the district court did not abuse its discretion in revoking Evans' probation. Because the violations were dispositive, the Court did not reach Evans' argument relative to the searches. *Id.*

Evans also argued that by imposing an MSP sentence upon revocation, rather than a DOC commitment, an additional and more burdensome condition was imposed. *Id.* at ¶ 16. The State conceded this issue. *Id.* While the revocation of Evans' suspended sentence was affirmed, the Court vacated the MSP sentence and remanded the matter to the district court with instructions to amend the 2018 judgment to reflect a DOC commitment. *Id.* at ¶ 17.

**II. Evans' Claims**

Evans claims: (1) the search of his residence was illegal and the evidence obtained must be suppressed and the violations based upon that evidence should be

vacated and dismissed, (Doc. 1 at 2-7); (2) the search of his cell phone and data was illegal and the evidence obtained must be suppressed and the violations based upon that evidence should be vacated and dismissed, *id*. at 7-15; and, (3) the sentence imposed upon revocation was illegal and he is entitled to a new sentencing hearing. *Id*. at 15-20. Evans asks this Court to order the unlawfully obtained evidence suppressed and the corresponding violations dismissed. *Id*. at 20-21. Evans also requests this Court order a new sentencing hearing and direct the state court to impose the same or a lesser sentence as that contained in the original judgment. *Id*. at 21.

### III. Analysis

#### i. Fourth Amendment Claims: Claims 1 & 2

A Fourth Amendment claim is not cognizable in a federal habeas action. *See Stone v. Powell*, 428 U.S. 465, 494 (1976); *Crater v. Galaza*, 508 F.3d 1261, 1269 (9th Cir. 2007). In *Stone*, the United State Supreme Court held that federal habeas corpus relief is not available for challenges to the admission of evidence obtained by an allegedly unconstitutional search or seizure, so long as "the State has provided opportunity for full and fair litigation of a Fourth Amendment claim." *Stone*, 428 U.S. at 481-482. Pursuant to *Stone*, the only relevant inquiry is whether the petitioner had the opportunity to litigate his Fourth Amendment claim. *Newman v. Wengler*, 790 F.3d 876, 880 (9th Cir. 2015) (per curiam); *Ortiz-*

*Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). If so, federal habeas corpus relief is unavailable regardless of whether the petitioner did in fact litigate his claim and regardless of "whether the claim was correctly decided." *Newman*, 790 F.3d at 880 (citations omitted).

As set forth above, Evans' Fourth Amendment claims were litigated in the state courts. His trial counsel sought to strike the evidence obtained from the search of both his apartment and cell phone. Evans' motions to strike were denied. Evans ultimately entered admissions to some of the allegations contained in the petition to revoke filed against him, but reserved his right to appeal the district court's denial of his motions. On appeal, Evans' challenged the denial of his motions to strike and the admission of the evidence gleaned from the search of his residence and his phone. But because there was an independent and adequate basis to support the revocation of Evans' suspended sentence, the Montana Supreme Court declined to address the merits of his suppression claims.

If the state has provided the defendant an opportunity for full and fair litigation of a Fourth Amendment claim, federal habeas relief may not be granted on the Fourth Amendment issue. *See, e.g., Moorman v. Schriro*, 426 F.3d 1044, 1053 (9th Cir. 2005). Whether the state court correctly decided the Fourth Amendment claim is irrelevant. *See Stone*, 428 U.S. at 494; *Newman v. Wengler*, 790 F.3d 876, 880-81 (9th Cir. 2015) ("All *Stone v. Powell* requires is the initial

opportunity for a fair hearing. Such an opportunity for a fair hearing forecloses this court's inquiry, upon habeas corpus petition, into the trial court's subsequent course of action, including whether or not the trial court has made express findings of fact." (internal quotations omitted)); *Ortiz-Sandoval,* 81 F.3d at 899 ("The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided.").

While Evans may disagree with the state court decisions, he has not established that he was denied an opportunity to litigate these claims. Accordingly, this Court's review is precluded by *Stone*. These claims should be dismissed.

### ii.     Sentencing Claim: Claim 3

Evans argues that he is entitled to a de novo sentencing hearing and that the Montana Supreme Court erred by not ordering a new hearing and instead directing the district court to enter an amended judgment.  Evans asserts that due process requires a new hearing and cites to *State v. Tracy*, 113 P. 3d 297 (Mont. 2005), to support this proposition. (Doc. 1 at 17-18.) Evans claims that because the district court was required to impose a DOC commitment, were he provided a new hearing, there is a strong chance the district court would consider a sentence less than the 24-year commitment that was imposed. *Id*. at 18-20.  In support of this argument, Evans notes that: the 2018 psychosexual evaluation recommended he be

8

placed in a pre-release setting, that the district court judge was seemingly more lenient in 2018 than when Evans was originally sentenced, and that, by its nature, a DOC commitment is less burdensome and entails many more placement and treatment options than an MSP sentence. *Id*.

Federal habeas relief is available only for violations of the federal Constitution, laws, and treaties. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, (1991) (federal habeas corpus relief does not lie for errors of state law). Generally, challenges to a state's application of its own sentencing laws are not cognizable on federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (claim regarding a state's application of aggravating circumstances was not cognizable because it concerned an error of state law). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis,* 506 U.S. 40, 50 (1992).

While Evans believes that a new sentencing hearing may have resulted in a more lenient sentence for him, his argument is unpersuasive. The state district court was presented with the recommendation and evaluation from the

psychosexual evaluator and nonetheless, imposed a prison sentence. Also, the fact that additional placement and treatment options are available pursuant to a DOC commitment versus an MSP sentence also matters not, because following remand, Evans is now serving a DOC sentence. The DOC, pursuant to its own policies, will determine where Evans is placed and what level of treatment and/or programs are available to him.

To the extent that Evans asks this Court to review the interpretation and application of a purported state sentencing error, such error is not a cognizable ground for relief in a federal habeas corpus proceeding. See, *Bradshaw v. Richey*, 546 U.D. 74, 76 (2005) (A state court's interpretation of state law is binding on a federal habeas court); *Hendricks v. Zenon,* 993 F. 2d 664, 674 (9th Cir. 1993) (claim exclusively concerned with state law not cognizable in federal habeas); *Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the last word on interpretation of state law")(citations omitted); *see also Estelle,* 502 U.S. at 67-68 ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Bonin v. Calderon*, 59 F. 3d 815, 841 (9th Cir. 1995) (violation of a "state law right does not warrant habeas corpus relief"); *Lewis v. Jeffers*, 497 U.S. 764, 789 (1990) ("Federal habeas corpus relief does not lie for errors of state law"); *Peltier v. Wright*, 15 F. 3d 860, 861-2 (9th Cir. 1994) (generally federal habeas corpus relief unavailable for errors

of state law).

As set forth above, this Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Accordingly, Evans' reliance upon *State v. Tracy*, 113 P. 3d 297 (Mont. 2005), a Montana state case is unavailing. Moreover, the Montana Supreme Court cited *Tracy* in deciding the district court erred by imposing an MSP following Evans' revocation. But nowhere in *Tracy* does it require that a new sentencing hearing be held upon remand. In *Tracy*, as in Evans' case, the Montana Supreme Court vacated and the revocation sentence and remanded the matter for entry of judgment pursuant to its decision. See, *Tracy*, 113 P. 3d at 301.

Evans has failed to establish that he had a liberty interest in a new sentencing hearing and/or that the purported denial of a hearing was "so arbitrary or capricious as to constitute an independent due process violation." *Lewis*, 497 U.S. at 780. At most, Evans presents his own conclusion about what may have happened had he been afforded a new sentencing hearing. But Evans' conclusory allegations are insufficient to meet his burden. This claim, too, should be dismissed.

//

11

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Evans' petition should be dismissed because he has failed to make a substantial showing of a denial of his constitutional rights. Claims 1 and 2 are precluded by *Stone* and his sentencing claim is cognizable in federal habeas. Accordingly, jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Evans' Petition (Doc. 1) should be DISMISSED with prejudice.

2. The Clerk of Court should be directed, by separate document, to enter Judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Evans may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1).[2] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Evans must immediately notify the Court of any change in his mailing address. Failure to do so may result in dismissal of his case without notice to him.

DATED this 3rd day of August, 2020.

/s/ Kathleen L. DeSoto
Kathleen L. DeSoto
United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed. R. Civ. P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.