IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANTHONY EVANS,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>REGINALD D. MICHAEL;<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>　　　　　　Respondents. | CV 20 –54–M–DLC–KLD<br><br><br><br>ORDER |

　　　　On August 3, 2020 United States Magistrate Judge Kathleen L. DeSoto entered her Findings and Recommendation recommending that Petitioner Anthony Evans' Petition for Writ of Habeas Corpus be dismissed with prejudice on the basis that it lacks a cognizable claim for relief.  (Doc. 5.)  Judge DeSoto additionally recommends that this Court deny a certificate of appealability on the basis that Mr. Evans has not made a substantial showing of the denial of a constitutional right. Mr. Evans does not object.

　　　　A party is only entitled to de novo review of those findings to which he or she specifically objects.  28 U.S.C. § 636(b)(1)(C).  In the absence of an objection, this Court reviews findings for clear error.  *United States v. Reyna-Tapia*, 328

F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists when the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge DeSoto determined that Mr. Evans' Petition should be dismissed on the basis that: (1) his Fourth Amendment claims are not cognizable through a federal habeas action because he was afforded a full and fair opportunity to litigate such claims in state court; and (2) his due process claim should be dismissed because it failed to meet the "arbitrary or capricious" burden necessary to state a cognizable federal habeas claim. (Doc. 5 at 6–11.) Reviewing these determinations for clear error, this Court finds none.

Mr. Evans' first and second claims, which allege violations of the Fourth Amendment, are foreclosed by *Stone v. Powell*, 428 U.S. 465 (1976). As held in *Stone*, because Mr. Evans was afforded the opportunity to fully and fairly litigate these issues in state court, these claims are not cognizable in a federal habeas proceeding. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). Mr. Evans' remaining claim is likewise not cognizable because it fails to establish an alleged sentencing error that, if proven, would amount to such an arbitrary or capricious mistake that it constitutes an independent due process violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992); *Christian v. Rhode*, 41 F.3d 461, 469

(9th Cir. 1994). Therefore, Mr. Evan's Petition for Writ of Habeas Corpus will be dismissed.

With respect to the issuance of a certificate of appealability, the Court finds that "jurists of reason would not disagree with" the resolution of Mr. Evans' constitutional claims, nor would jurists conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Consequently, Mr. Evans has failed to make a "substantial showing of the denial of a constitutional right," and a certificate of appealability shall not issue.

IT IS ORDERED that Judge Desoto's Findings and Recommendation (Doc. 5) is ADOPTED in full.

1. Mr. Evans' Petition (Doc. 1) is DISMISSED with prejudice.
2. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 31st day of August, 2020.

_____
Dana L. Christensen, District Judge
United States District Court